IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01419-RBJ-MEH

JOHN KILMAN,

    Plaintiff,

v.

TYLER S. BROWN, in his official capacity as Arapahoe County Sheriff,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Motion to Amend Complaint (ECF 60). Although he does not identify a specific amendment, the Court construes the Plaintiff's motion as adding facts to clarify his existing claims and as seeking to bring his claims against Defendant Sheriff Brown in his individual capacity, as well as in his official capacity. For reasons that follow, this Court recommends that the Honorable R. Brooke Jackson grant in part and deny in part the Plaintiff's motion.

    **I.**    **Background**

    Plaintiff initiated this lawsuit on May 17, 2019, and proceeds *pro se*. ECF No. 1. In his original complaint, Plaintiff appears to assert a claim for violation of his "constitutional rights" pursuant to 42 U.S.C. § 1983 and a claim under the Americans with Disabilities Act (ADA); based on these claims, Plaintiff requests monetary damages and injunctive relief. As I understand his allegations, Plaintiff is hard of hearing. His son is currently detained at the Arapahoe County Detention Facility ("Detention Facility"). Plaintiff contends that all inmate visits (other than

attorney-client) at the Detention Facility are conducted remotely via video.  Plaintiff is allowed to have no in-person visits with his son.  Based on the difficulty Plaintiff has in communicating with his son using the video equipment supplied by the Detention Facility, Plaintiff contends that absent in-person visits, his constitutional rights and rights under the ADA are violated.

In the current motion, Plaintiff seeks to add facts and supporting "exhibits" to clarify his two claims.  In addition, Plaintiff seeks to bring his claims against Sheriff Brown in his individual capacity.  Defendant objects to the requested relief.

**II.     Analysis**

Rule 15(a) of the Federal Rules of Civil Procedure instructs courts to freely allow amendment of the pleadings "when justice so requires."  The grant or denial of an opportunity to amend is within the discretion of the Court, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Maloney v. City of Pueblo*, 323 F.R.D. 358, 359–60 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

In this case, the deadline for amendment of pleadings set forth in the governing Scheduling Order was September 19, 2019 (ECF 31); thereafter, this Court granted Plaintiff's first request to extend the deadline to October 21, 2019 (ECF 44) and Plaintiff's second request to extend the deadline to November 11, 2019 (ECF 56).  However, November 11, 2019 was a federal holiday

(Veterans Day); thus, Plaintiff executed and filed the present motion on November 12, 2019. The Court finds the motion and its requested relief to be timely and not unduly delayed.

Defendant does not argue that it would be unduly prejudiced by Plaintiff's amendments and the Court finds no basis on which to find prejudice, particularly as the parties are currently engaged in discovery. Rather, Defendant contends that Plaintiff's request to seek recovery against Defendant in his individual capacity would be futile because the ADA does not permit individual liability and Plaintiff fails to allege Defendant's personal participation in any violation of Plaintiff's constitutional rights. Although provided the opportunity to do so, Plaintiff did not file a reply brief in support of his motion. The Court will proceed to determine whether the interests of justice support granting the Plaintiff's requested amendments pursuant to Rule 15.

### A. Adding "Clarifying" Facts and Exhibits

The Court recommends that Judge Jackson grant the Plaintiff's request to "clarify" his claims (including identifying his constitutional claim as a violation of the Equal Protection Clause of the Fourteenth Amendment) with additional facts and supporting exhibits, some of which appear to have been generated and/or discovered since the inception of this action. Defendant does not object to the additional facts and exhibits, and the Court finds that they will cause no prejudice as the parties are currently in discovery.

### B. Seeking Recovery Against Defendant in his Individual Capacity

The Court agrees that Plaintiff's request to seek damages against Defendant in his individual capacity is futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006); *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) ("A proposed amendment is

3

futile if the complaint, as amended, would be subject to dismissal for any reason . . . ."). In this case, the proposed amendment would be futile, because the ADA does not provide for individual liability and Plaintiff fails to allege Defendant's personal participation for his Section 1983 claim. First, Plaintiff alleges a claim under Title II of the ADA (*see* ECF 60 at 2-5), which provides:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of such services, programs or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. "Title II of the ADA does not provide for individual capacity suits against state officials." *Romero v. Bd. of Cty. Comm'rs for the Cty. of Curry*, 202 F. Supp. 3d 1223, 1249 (D.N.M. 2016) (citations omitted); *see also Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, 819 F. Supp. 2d 1179, 1191 (D. Colo. 2011), *aff'd sub nom. Ebonie S. v. Pueblo Sch. Dist. 60*, 695 F.3d 1051 (10th Cir. 2012) ("'individual defendants in their individual capacities are not properly subject to suit under the Rehabilitation Act' or [Title II of] the ADA.") (quoting *Montez v. Romer*, 32 F. Supp. 2d 1235, 1241 (D. Colo. 1999)). Accordingly, Plaintiff's ADA claim brought against Defendant in his individual capacity would be subject to dismissal for failure to state a claim.

Second, Plaintiff fails to allege Defendant's personal participation in his Section 1983 claim. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). "To establish . . . liability, a plaintiff is required to bring forth evidence that an individual defendant directly and personally participated in the purported constitutional violation." *Persaud v. Doe*, 213 F. App'x 740, 743 (10th Cir. 2007) (citing *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), *cert. denied*, 543 U.S. 925 (2004), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or

4

direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). The Tenth Circuit has noted that in a civil rights case asserting claims against individual government actors, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations" against a group of defendants. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).

Here, Plaintiff alleges no conduct on the part of Sheriff Brown, as an individual, that may be construed as violative of the Plaintiff's equal protection rights; in fact, Plaintiff never mentions Sheriff Brown in the allegations supporting his constitutional claim. *See* ECF 60 at 5-7. The Court must conclude, therefore, that Plaintiff fails to allege a plausible claim for a Fourteenth Amendment violation against Sheriff Brown in his individual capacity. The Court recommends that Judge Jackson find Plaintiff's requested amendment would be futile.

### III.     Conclusion

The Court concludes that the interest of justice supports the addition of Plaintiff's "clarifying" facts and exhibits attached to the proposed amended pleading. However, Plaintiff's request to sue Defendant in his individual capacity would be futile as it is subject to dismissal for failure to state plausible claims for relief. Accordingly, the Court respectfully RECOMMENDS that Plaintiff's Motion to Amend Complaint [filed November 12, 2019; ECF 60] be **granted in part and denied in part** as set forth herein. [1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

Dated at Denver, Colorado this 15th day of January, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).