IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-01419-RBJ

JOHN KILMAN,

    Plaintiff,

v.

TYLER BROWN, Sheriff, Arapahoe County Sheriff's Department, in his official capacity,

    Defendant.

## ORDER

    John Kilman's son, Tobi Kilman, is an inmate incarcerated at the Arapahoe County Detention Center. Mr. Kilman has visited his son at the facility. However, inmate visits are conducted by audio/video equipment and are monitored. Alleging that his hearing difficulties make it difficult to communicate effectively, Mr. Kilman requested private, unmonitored visits. However, the facility only permits such visits with an inmate's attorney.

    Mr. Kilman, representing himself pro se, then filed this lawsuit against Sheriff Tyler Brown in his official capacity. He first moved for a temporary restraining order. ECF No. 45. Defendant responded. ECF No. 50. No reply was filed. On my referral United States Magistrate Judge Michael E. Hegarty recommended that the motion be denied. ECF No. 57. Mr. Kilman filed objections. ECF No. 59.

    Mr. Kilman then filed a motion to amend his complaint to add certain factual details and to name Sheriff Tyler in his individual capacity. ECF No. 60. Defendant filed a response. ECF

1

No. 66. No reply was filed. On my referral Magistrate Judge Hegarty recommended that the motion be granted in part and denied in part. ECF No. 74. Mr. Kilman objected. ECF No. 75. Defendant responded to the objection. ECF No. 78.

Meanwhile, defendant moved for summary judgment. ECF No. 71. Mr. Kilman responded and separately moved to strike the motion. ECF Nos. 76 and 83. Defendant replied in support of the motion for summary judgment, ECF No. 82, and responded to the motion to strike that motion. ECF No. 84. The motions are now before this Court for resolution.

## ANALYSIS and CONCLUSIONS

I have conducted a de novo review by reviewing the relevant pleadings and recommendations. I have also reviewed three video recordings of the plaintiff talking to his son at the facility (respectively 27.08 minutes, 28.20 minutes, and 16.51 minutes in length) and two recorded telephone calls from plaintiff's son to the plaintiff outside the facility (respectively 4:34 minutes and 14:51 minutes in length). Those recordings are contained on a flash drive marked as Defendant's Ex. E.[1]

### A. **Temporary Restraining Order.**

Despite the name, Mr. Kilman requests what in substance is a mandatory preliminary injunction ordering the defendant to permit in-person, unmonitored visits with his son. He claims that he cannot communicate with his son effectively using the video equipment provided

---

[1] Defendant's Exhibit E was admitted by Magistrate Judge Hegarty during the hearing on plaintiff's motion for a temporary restraining order. *See* ECF No. 51 at 1-2. Videos of Mr. Kilman's visits with his son were also filed as Ex. A-2 to defendant's motion for summary judgment. ECF No. 71-2 (conventionally filed exhibit). A list of videos was filed as Ex. A-4 to the motion for summary judgment. ECF No. 71-4. The recordings of phone calls were also filed as Ex. A-7 to the motion for summary judgment, ECF No. 71-7 (conventionally filed exhibit), and a list of recordings was provided as Ex. A-8 to the motion for summary judgment. ECF No. 71-8.

by the facility; that he needs to communicate with his son as a potential witness or party in this case; and that depriving him of private, unmonitored visits violates his rights under the Americans with Disabilities Act (ADA) as well as his constitutional rights to equal protection and due process. *See* ECF No. 45. After reviewing the motion and response, and conducting a hearing, Magistrate Judge Hegarty recommended that I deny the motion for a temporary restraining order. ECF No. 57.

Judge Hegarty did not distinguish the ADA claim from the constitutional claim as such. Rather, addressing the Tenth Circuit's standard for a motion for a temporary restraining order or preliminary injunction, he found that Mr. Kilman had not demonstrated a substantial likelihood of success on the merits or irreparable harm.[2]

Regarding likelihood of success, Magistrate Judge Hegarty cited a Tenth Circuit case holding that inmates do not have a reasonable expectation of privacy in their telephone calls and mail, and that they impliedly consent to monitoring of those communications. *See United States v. Gangi,* 57 F. App'x 809, 815 (10th Cir. 2003) (unpublished). ECF No. 57 at 4-5. Second, Judge Hegarty also determined that Mr. Kilman had not established irreparable harm. During the hearing on the motion, the parties played a video tape of Mr. Kilman's engaging in a discussion with his son concerning the inclusion of his son as a plaintiff in this case. Judge Hegarty stated that his observation of that video tape was that Mr. Kilman was effectively communicating with his son.

---

[2] To obtain a preliminary injunction a party must establish that (1) he will suffer irreparable injury if the injunction is not granted; (2) the threatened injury outweighs the damage the injunction might cause the enjoined party; (3) the injunction would not be adverse to the public interest; and (4) there is a substantial likelihood that plaintiff will succeed on the merits. *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005).

Mr. Kilman's timely objection to the recommendation, ECF No. 59, for the most part did not address the substance of the magistrate judge's recommendation. He says that at some point his son was transferred to El Paso County, where he was able to have a "quality visit" with him. I'm not sure what that was about, but we have double checked and confirmed that Tobi Kilman remains an inmate at the Arapahoe County Detention Facility. He states that his son is a "key witness" in the present case, which I will address below. He disagrees with Judge Hegarty's observation from viewing video tape that he can communicate effectively with his son.

In my review of the motion and related filings I will organize the issues slightly differently. Mr. Kilman seeks two things: the ability to communicate with his son while his son is incarcerated in Arapahoe County, and the ability to have the communications be private and unmonitored. I agree that he should be able to communicate with his son; and if Mr. Kilman's hearing difficulties were a barrier, I would agree that the facility should make reasonable accommodations to facilitate the communications. However, having now observed 91 minutes of Mr. Kilman communicating with his son, both at the facility and on the telephone, I find as did Magistrate Judge Hegarty that Mr. Kilman has in fact been able to communicate effectively with his son, notwithstanding his hearing issues. In that regard, Mr. Kilman has not established irreparable harm or, frankly, any harm at all.

As for whether he is entitled to have private, in-person, and unmonitored communications, I agree with Magistrate Judge Hegarty that he has not established a reasonable likelihood of success on the merits. Judge Hegarty cited, as an example, the *Gangi* case. This was an "unreported," and therefore non-binding, decision by a panel of the Tenth Circuit, and it addressed telephone calls and mail, not face-to-face communications as such. However, the

reasoning of the court in *Gangi* (and in the cases cited in the decision) applies equally to private, unmonitored communications, and it is persuasive. Except for attorney-client communications, communications between inmates and individuals on the outside are monitored for security reasons. I have seen instances of persons attempting to smuggle contraband to an inmate. I have seen instances where inmates have used telephone calls to urge persons on the outside to destroy evidence or to carry on the very illegal activities for which the inmate was incarcerated – even knowing that the calls would be monitored. In short, there is a rational basis for monitoring such communications. This is not to say that Mr. Kilman would do anything illegal if he were granted private, unmonitored visits with his son; but it is to say that security concerns that are ever-present in jails and prisons require that all persons must comply with similar restrictions.

Attorney-client communications are different. The attorney is representing the inmate in a criminal or civil proceeding. The inmate needs to be able to communicate with his attorney candidly and confidentially, and vice-versa. That is why we have the attorney-client privilege built into our justice system. Judge Hegarty cited a decision from another judge in this district holding that "[T]he attorney-client privilege only applies to, as the name suggests, an attorney-client relationship, and Plaintiff proceeds in this matter as a pro se litigant…. Thus, to the extent Plaintiff may be asserting this privilege, it fails as a matter of law." *Carbajal v. St. Anthony Cent. Hosp.,* 12-cv-02257-REB-KLM, 2014 WL 2459713, at *2 (D. Colo. June 2, 2014). *Id.* at 5. That is a view with which I entirely agree.

Mr. Kilman is not an attorney, and he does not – and cannot – represent his son in any legal matter. In one of the videos father and son refer to the son's actual lawyer, who indeed is entitled to have private, unmonitored communications with her client as a matter of law. In

contrast, Mr. Kilman is making the circular argument that he wants to be able to communicate privately with his son about his son's being a "key witness" in (or party to) the present case in which Mr. Kilman seeks to be permitted those private communications. Respectfully, that is a very different circumstance than his son's need to communicate with his attorney in private.

I conclude that Mr. Kilman has not established either irreparable harm or a substantial likelihood of success on the merits. Although Judge Hegarty did not address the other two requirements for a preliminary injunction, I find that Mr. Kilman likewise has not established that his claimed injury outweighs the harm to the facility if unmonitored communications between inmates and non-attorneys were ordered, and he has not established that the injunction he seeks would not be adverse to the public interest. The public in this instance includes persons working in the prison, other inmates, and people on the outside. In short, I agree with, accept and adopt the recommendation of the magistrate judge regarding the requested temporary restraining order/preliminary injunction.

### B. **Motion to Amend.**

Mr. Kilman moved to amend his complaint to name Sheriff Brown in his individual capacity in addition to his official capacity as indicated in the original complaint. The proposed amended complaint would also add some details supplementing the facts alleged in the original complaint. On my referral, Magistrate Judge Hegarty recommended that the motion be granted to the extent that the amended complaint adds "clarifying" facts and exhibits but denied as futile to the extent that it would assert a suit against the Sheriff in his individual capacity. ECF No. 74. The reasons for the latter recommendation were that (1) the ADA does not provide for individual

liability, and (2) the proposed amended complaint did not allege Sheriff Brown's personal participation in the facts allegedly supporting Mr. Kilman's § 1983 claim. *Id.* at 3-5.

Mr. Kilman filed a timely objection. ECF No. 75. It did not address the point that the ADA does not support individual liability. Regarding the Sheriff's personal participation in an equal protection or due process violation, Mr. Kilman states, "We are still in discovery and the Defendant's lawyer has been difficult in giving basic information that would address these issues." *Id.* at 1. The solution to that problem, if it is a problem, is a motion to compel more complete discovery responses, not assertion of individual liability against the Sheriff without a factual basis. As Judge Hegarty pointed out, in civil rights cases seeking damages (here $700,000) against an individual defendant, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011).[3]

Moreover, given my finding that the communication equipment at the Arapahoe County jail did facilitate communications between Mr. Kilman and his son, and that unmonitored communications are not and should not be permitted (other than attorney-client privileged communications), I conclude for that additional reason that joining the Sheriff in his individual capacity would be futile. Accordingly, I agree with Magistrate Judge Hegarty's recommendation

---

[3] I also note that the proposed amended complaint does not have a specific request for damages, and that Mr. Kilman did not comply with D.C.COLO.LCivR 15.1 which requires that a copy of the proposed amended complaint be submitted which strikes through the text to be deleted and underlines the text to be added.

that the motion to amend be granted as to the additional allegations of facts but denied as to the addition of an individual capacity claim against the Sheriff.

### C. **Motion for Summary Judgment, ECF No. 71**.

In this motion, which largely repeats issues and arguments made earlier, defendant argues that plaintiff's equal protection claim fails because the law is clearly established that pro se litigants are not entitled to the same legal protections afforded to attorney-client communications. ECF No. 71 at 2. Defendant addresses the policy reasons underlying that distinction. *Id.* at 2-3. As for the ADA claim, defendant argues that the recordings of Mr. Kilman's visit with his son at the Arapahoe County Detention Facility "show that he has no difficulties communicating, understanding, or conversing with his son." *Id.* at 3.

Mr. Kilman responds that the motion for summary judgment is premature because discovery has not been completed, adding that he believes there are missing videos of visits, and that defendant has objected to some of his attempted discovery. ECF No. 76. He provides no response on the merits. Defendant's reply notes that Mr. Kilman's response does not contest any of the facts put forward by the defendant, nor does it provide any legal support for his claims. ECF No. 82.

On the same day that defendant's response was filed Mr. Kilman filed a motion to strike defendant's motion for summary judgment, or alternatively, to supplement his response to the motion. ECF No. 83. He argues that defendant failed to file a notice of intent to seek summary judgment as required by this Court's practice standards. *Id.* at 1-2. He reiterates that discovery is in progress. *Id.* at 2. And he requests permission to file a supplemental response to the motion for summary judgment after the discovery cutoff. *Id.* at 2-3.

I am not persuaded either to strike the motion for summary judgment or for additional discovery followed by supplementation of plaintiff's response to the motion. Mr. Kilman argues that the motion for summary judgment should be stricken because defendant did not first file a statement of intent to file which is a requirement that this Court inserted in its practice standards effective December 1, 2019 to reduce unnecessary and unproductive motion practice. Defendant probably should have complied, but as he points out, the Scheduling Order set a deadline for filing dispositive motions well before I changed my practice standard. Striking the motion on that basis, which would result in the filing of a notice of intent and re-filing of the motion for summary judgment, would be unproductive busywork in context.

Alternatively, Mr. Kilman complains that summary disposition should not be entertained before discovery is completed. That often is a fair point. Here, however, he does not explain how additional discovery might fix the fundamental flaws in his claims. In any event, the discovery cutoff set in the Scheduling Order (January 22, 2019) expired before Mr. Kilman filed his motion to strike or supplement. I therefore deny the motion to strike or supplement and turn to the merits of defendant's motion for summary judgment.

a. <u>Standard of Review</u>. I may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendant as the moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Mr. Kilman, the nonmoving party, must "designate specific facts showing that there is a genuine issue for trial." *Id*. at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 670 (10th

Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *See Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

      b. <u>Pro se Litigants</u>. I must review Mr. Kilman's "pleadings and other papers liberally and hold [him] to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (confirming that this rule applies to all proceedings, including summary judgment proceedings). Nevertheless, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110. *Pro se* parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks and citations omitted).

      c. <u>Conclusions</u>. The rulings of the magistrate judge and this Court on the earlier motions, discussed above, essentially determine the fate of the motion for summary judgment. To reiterate:

      First, I find that the videos and telephone recordings presented to the Court show that the communication facilities at the Arapahoe County Detention Center have enabled Mr. Kilman to communicate clearly and effectively with his son. I further find that Mr. Kilman has not come forward with any evidence that the several videos and recordings presented to the Court were atypical. I find and conclude that these facts are beyond any genuine dispute.

Second, I conclude as a matter of law that Mr. Kilman is not entitled to private, in-person, unmonitored communications with his son while his son is an inmate in the facility as a matter of law. *See, e.g., Gangi,* 57 F. App'x 809 at 815. *See also Block v. Rutherford,* 468 U.S. 576, 586-87 (1984). There are strong policy reasons for not permitting private, unmonitored visits with inmates, as I have discussed earlier in this order. Mr. Kilman's communications with his son are not entitled to the same legal protections as are afforded to attorney-client communications.

In short, defendant's motion for summary judgment is well taken. The plaintiff has not shown that there is any material fact that is genuinely disputed, and the claims can therefore be resolved as a matter of law.

**ORDER**

1. The recommendation of the magistrate judge at ECF No. 57 is ACCEPTED AND ADOPTED. Accordingly, plaintiff's motion for a temporary restraining order, ECF No. 45, is DENIED.

2. The recommendation of the magistrate judge at ECF No 74 is ACCEPTED AND ADOPTED. Accordingly, plaintiff's motion to amend, ECF No. 60, is GRANTED IN PART AND DENIED IN PART.

3. Defendant's motion for summary judgment, ECF No. 71, is GRANTED.

4. Plaintiff's motion to strike or, alternatively, for leave to supplement plaintiff's response to the motion for summary judgment, ECF No. 83, is DENIED.

5. This civil action and all claims therein are dismissed with prejudice.

6. As the prevailing party, defendant is awarded costs to be taxed by the Clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 5th day of March, 2020.

BY THE COURT:

*signature*

R. Brooke Jackson
United States District Judge